The first case on the calendar, Coffey Nursery. Good morning, Your Honors. First, I extend my thanks to you for taking me out of order. I seem to be in demand today, and I need to remind my wife that at least I'm in demand in the courts. Thank you very much. Your Honors, this case involves basically a singular issue of jurisdiction over the defendant Suave. I suggest to you that there are sufficient contacts with the State of New York to warrant that this matter be retained by the District Court. Would you just marshal those quickly for us, please? Yes, Your Honor. There are nine transactions that have taken place between the appellant and the appellee. But not in New York. On the contrary. The money was in New York. The bank account from which the monies came were in New York. The appellant is in New York. The funds were transferred from New York on four separate occasions. The remittances by the defendant were all to New York, and the loans or the joint venture were serviced in New York. Were there any services that were performed in New York? I mean, beyond the moving money around from bank accounts, what kind of business transactions were conducted? Judge Katzmann, this was a joint venture. Four loans or four investments were made by the plaintiff. Four profitable transactions took place. The profits came to New York by virtue of the monies having been transferred to New York by the appellees. Taxes were paid to the United States government and to the State of New York by the appellant. What you're describing is, and correct me if I'm wrong, is simply the flow of funds between bank accounts and between New York and Canadian bank accounts. And, Judge Katzmann, I respectfully suggest to you that that's more than sufficient to impose personal jurisdiction upon the appellee. But I put it to you this way. Even if that- I'm sorry. Go ahead. Do you have any idea how many banking transactions pass through New York by virtue of its status as one, if not the most prominent financial center in the world? And are you suggesting that every time money passes through New York, the company that has some ownership of those funds is somehow subject to the jurisdiction of the courts of New York? Your Honor, a single transaction can constitute sufficient basis for jurisdiction based, I believe it's on the Burger King case. But in this particular instance, we have- I look out here and I see Burger Kings everywhere. I don't see the nursery. Sorry, not the nursery. The other one. Mr. Suave's business out here. Your Honor, where else but New York would we have jurisdiction? Miami? Canada? Why should my client be subjected to having to travel to Florida or to Canada? When has the convenience of the plaintiff ever factored into whether there is personal jurisdiction over the defendant? If it's a matter of comparing the jurisdiction from a convenience standpoint for a plaintiff or a defendant, certainly the plaintiff has a basis to complain. Well, of course. The monies came from New York, Your Honor. I'm sorry. Just real quick. I don't understand this. These monies that were transferred were your client's monies, right? Yes, Your Honor. So he invests in a business that's taking place essentially in Cuba, right? Well, it could be Cuba. It was in this particular instance the last transaction was Cuba. The others, we didn't know where they were. It was a matter of trust. It was an oral partnership. But as I understood it, and correct me if I'm wrong, your client went to Havana, met with Mr. Suave, and arranged to form a venture where he was going to finance some part or join in a venture with Mr. Suave, whose business was buying equipment and selling it to the Cuban government, right? Not entirely so, Your Honor. The initial transaction was in Miami where the parties met. All right, Miami. But none of those transactions, none of Mr. Suave's business that your client was investing in took place in New York, right? That's correct. So why is this any different than if I buy stock in a company that does business entirely elsewhere and operates entirely elsewhere? Why is that company subject to personal jurisdiction in New York based on failure to pay what they promised to pay me? I just don't understand it. First City Federal is the precedent for my coming here and saying to you that New York is the focal point of the transaction between these parties. And where else but New York and possibly Miami, as Your Honor has suggested? Possibly Miami and possibly Canada and possibly Cuba. That's where all the business was taking place. None of it's taking place in New York. Judge Lynch, you wouldn't want my client to have to go to Cuba to litigate this. I absolutely would. Why not? That's where he went to arrange this partnership. No. The partnership was arranged in Florida. Well, fine. Florida. Then go to Florida. Go to Cuba. Go where you have to go to find the defendant. That's what personal jurisdiction is about unless there is a basis for long-arm jurisdiction in New York. But I have a second question, which is all those transactions that you're referring to are not the basis of your lawsuit, are they? Isn't your lawsuit based on a transfer of money from Panama to Canada? That's correct, Your Honor. So that's the transaction that gives rise to the cause of action. You're not suing about anything that took place in the joint venture except this somewhat peculiar arrangement where you and the defendant kind of defraud a bank in Panama by persuading the bank in Panama that there is a judgment that is a totally concocted judgment in order to avoid penalties on a withdrawal from the Panamanian Bank, and the money goes to Canada thereafter. What does that one have to do with New York? That was a creation of the co-defendant, Ben Suave, who created and engineered that entire transaction. My client had told Mr. Suave, we have this venture to purchase this yacht. In Miami. In Miami, in Fort Lauderdale, but I have no money other than what's in Panama, and Suave says, my brother and my cousin, who used to be with the Royal Canadian Mounted Police, will get that money for you from Panama. And that was just totally gratuitous and it wasn't requested by? It was not requested. My client had absolutely no contact with anyone in Panama to be able to engineer a transaction of that nature. He wanted the money, right? He wanted the money. And how was he going to get the money? When he told Suave that he needed the money in order to have them purchase the yacht, Suave said, I can get that money for you, even though clients said that money's tied up. And it was his client's money in Panama. Yeah, I'm sorry? It was your client's money and it was in Panama. That's correct, Your Honor. You haven't mentioned the words New York once in describing this transaction. Your Honor, this was the fifth of five transactions between the parties. All the other transactions emanated from New York. The money that went to Panama came from New York. The money that came from? What you're saying is you have a New York plaintiff who has made money in New York. That's the entirety of what all this is about. And then he uses that money to invest in transactions in other parts of the world. Those monies were New York-based monies. That's the basis for us saying there was jurisdiction here. Can I move you on to CPLR 302A3? Yes, Your Honor. Now, as I read your brief, you acknowledge that the conversion and fraudulent misappropriation took place in Canada and that the only injury that was felt was your financial harm. So doesn't that bring us within the orbit of Whitaker v. America Telecasting, a Second Circuit case from 2001, which held that there is an injury in New York as required under 302A3 only if the original event that caused the injury took place in New York? The original event that took place, I acknowledge fully, took place out of New York. The harm was in New York. The losses were sustained in New York. That's the basis for a 302A type of jurisdiction that should be exercised over the defendant. Okay, thanks. You will have no rebuttal, so... No, Your Honor. Thank you. Thank you very much. Good morning, Your Honors. This case is really a case about forum shopping, okay? Mr. Dweck and Mr. Coffey have obtained jurisdiction over my client, Mr. Suave, Dominic Suave only, in Miami. It's a case pending in Florida that was brought by the yacht company against both Mr. Suave and Mr. Coffey. Mr. Dweck, representing Mr. Coffey in Miami, brought a cross-claim for conversion for the same $3 million that is the basis of this case. Could you remind me as to what the current status is of the litigation? Yes, I've spoken to counsel in Florida. The current status of that case is in active discovery. Active or inactive? No, active. Active discovery. In fact, Mr. Dweck's informed me that he's noticed four depositions in that matter. That case is actively being litigated in Miami. They have jurisdiction over Mr. Suave, Dominic Suave only. Now, Mr. Dweck comes in front of you and argues that the relationship between Coffey and Suave was a New York relationship and that New York is the only venue for this action. That's not true. I think the law is clear that the defendant on his own initiative has to project himself into the state. Mr. Suave has not projected himself into the state. Everything in this case was done either in Cuba, Panama, Canada, or Miami. There were absolutely no contacts at all with the state of New York. There's no transaction of business in New York. Neither Mr. Dominic nor Ben Suave have any contacts in New York. They have no business in New York. They have no property in New York. Matter of fact, when this case first came on and he brought it on by order to show cause for an attachment, we were looking to see what it is that he actually wanted to attach. Simply, under either the long-arm statute, there is no due process issue here. Under the long-arm statute, they were not transacting business in New York. The lower court's decision here should be affirmed. Thank you. Unless the court has any questions. Thank you. Thank you both for your arguments. The court will reserve decision.